**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| AJMAL GHANI, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>BIERMAN, GEESING, WARD & )<br>WOOD, *et al.*, )<br> )<br> Defendants. )<br> ) | Civil Action No. 3:12-cv-00272-REP |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

COME NOW Defendants Equity Trustees, LLC ("Equity") and BWW Law Group, LLC, formerly known as Bierman, Geesing, Ward & Wood, LLC ("BWW") (collectively referred to as the "Defendants"), by counsel, and submit this Joint Memorandum of Law in support of their Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter should be dismissed with prejudice because all of the actions which the Defendants allegedly took in violation of the Fair Debt Collection Practices Act were alleged to have occurred more than one year prior to the commencement of this action. As such, this action is barred by the one year limitations period codified at 15 U.S.C. § 1692k(d).

**Factual Background**

In this action, Plaintiff Ajmal Ghani ("Ghani") alleges five separate violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (the "FDCPA"), all which arise from five letters allegedly sent to him by the Defendants. The five letters this Complaint is based upon are summarized as follows:

1

- A letter, acknowledged by Ghani to be the initial communication between himself and the Defendants, dated November 11, 2010.  Compl. ¶¶ 21, 24; Exh. A.

- A letter dated November 11, 2010, informing Ghani how to contact his mortgage servicer directly so that he could attempt to avoid a sale of the secured property. Compl. ¶ 29; Exh. B.

- A letter dated November 18, 2010, advising Ghani that the promissory note was "unavailable as of the date of mailing this letter" and informing Ghani that under Virginia Code § 55-59.1(B) he could petition a court for adequate protection.  Compl. ¶ 31; Exh. C;

- A letter to Ghani, in care of his attorney, advising that a trustee's sale had been scheduled for January 6, 2011 and further stating that "you are hereby notified of same at least fourteen (14) days prior to such sale." Compl. ¶ 40; Exh. D.

- A letter dated January 25, 2011, sent only to Ghani's attorney, which was titled "Verification of the Debt" and contained information about Ghani's loan in response to a request by Ghani's counsel for certain information. Compl. ¶ 45; Exh. E.

Notably, Ghani does not dispute the inference that he was substantially in default on the mortgage loan obligations described in the Complaint, which may be ascertained from the exhibits attached to the Complaint.  See Compl. Exh. E (advising Ghani that the amount necessary to reinstate his loan as of January 3, 2011 was $58,404.45). Ghani also does not allege that a sale of the property secured by the Deed of Trust was ever actually held by the Defendants or any other entity.  Quite to the contrary, the Complaint's exhibits indicate that the only trustee's sale mentioned in this Complaint - the January 6, 2011 sale - was ultimately cancelled by the secured party and never went forward.  See Compl. Exh. E ("A foreclosure sale of the Property was previously scheduled but was cancelled at the request of the Secured Party. A foreclosure sale is not scheduled as of the date and time of the drafting of this correspondence."). Thus, this Complaint, on its face, asserts that the last action of the Defendants occurred no later than January 25, 2011, which was more than a year before the Complaint was filed on April 13, 2012.

**Standard of Review**

Fed. R. Civ. P. 12(b)(6) permits a defendant to seek dismissal based on a "failure to state a claim upon which relief can be granted". A court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). While the Court must take all factual allegations made in a complaint as true, Eastern Shore Markets, Inc. v. JD Assocs. Ltd. P'ship, 214 F.3d 175, 180 (4th Cir. 2000), the United States Supreme Court heightened a plaintiff's pleading requirements in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Now, in order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Twombly, 550 U.S. at 555. Specifically, a plaintiff's claim must be dismissed if he fails to allege "enough facts to state a claim to relief that is plausible on its face" such that he has nudged [his] claims across the line from conceivable to plausible." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although typically considered an affirmative defense, a statute of limitations claim may be properly brought in a Rule 12(b)(6) motion to dismiss when "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Lucas v. Henrico County Sch. Bd., 822 F. Supp. 2d 589, 600 (E.D. Va. 2011) (quoting Brooks v. City of Winston–Salem, 85 F.3d 178, 181 (4th Cir.1996)).

**Argument**

Ghani's Complaint should be dismissed with prejudice because it is clear from the Complaint that the FDCPA claims are barred by the one year limitations period set forth in the

3

FDCPA and thus state no plausible claim for relief. Section 1692(k) of Fair Debt Collection Practices Act, which is entitled "Jurisdiction" states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court ... within <u>one year</u> from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (1988) (emphasis added). An FDCPA "violation occurs" and the cause of action accrues on the date that a creditor acts, not when the debtor actually realizes that the violation occurred. <u>Tapia v. U.S. Bank, N.A.</u>, 718 F. Supp. 2d 689, 701 (E.D. Va. 2010) <u>aff'd,</u> 441 F. App'x 166 (4th Cir. 2011). Thus, if a plaintiff alleges an FDCPA violation arising from written correspondence, the one year limitations period begins to run on the date that the correspondence is mailed by the defendants. <u>Id.</u>; <u>see also Vitullo v. Mancini</u>, No. 1:09cv614, 2010 WL 331761 (E.D.Va., Jan. 26, 2010).

For example, in <u>Tapia,</u> it was alleged that a law firm violated the FDCPA by sending a debtor letters dated May 22, 2008 which letters failed to unambiguously identify the mortgage lender it had been hired to represent. <u>Tapia,</u> 718 F. Supp. 2d at 701. However, the debtor did not file a lawsuit alleging any FDCPA violations based upon these letters until August 13, 2009 – more than one year after the letters were dated. Recognizing that any FDCPA action that might have existed accrued on the date the letters were sent by the law firm, the Court found that this claim was time-barred and properly dismissed on the Defendants' Rule 12(b)(6) motion to dismiss.

Ghani's allegations in this Complaint are virtually identical to the untimely allegations that were dismissed in <u>Tapia</u>. This Complaint was filed on April 13, 2012. Not one of the letters described in the Complaint are alleged to have been sent by the Defendants within the one year period preceding April 13, 2012. To the contrary, the most recent communication Ghani claims

4

the Defendants sent was a letter dated January 25, 2011. Compl. Exh. E. Ghani makes no allegations that fall within the one year preceding the filing of this action. Thus, as the only factual allegations Ghani has set forth in this Complaint demonstrate that the claim is barred by the one year limitation period prescribed in 15 U.S.C. § 1692k(d), this Complaint states no plausible claim for relief under the FDCPA, and must be dismissed with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

Dated:  May 10, 2012               By   /s/ Allison Melton
                                          Allison Melton, VSB No. 75192
                                          Robert R. Michael, VSB No. 74148
                                          Stephen B. Wood, VSB No. 26518
                                          BWW Law Group, LLC
                                          2020 N. 14th Street, Suite 250
                                          Arlington, VA  22201
                                          Tel.  (301) 961-6555 ext. 4040
                                          Fax   (703) 657-6458
                                          Allison.Melton@bww-law.com
                                          Robert.Michael@bww-law.com
                                          Stephen.Wood@bww-law.com
                                          *Counsel for Bierman, Geesing, Ward & Wood, LLC and Equity Trustees, LLC*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 10th day of May, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
703-277-9774
Fax: 703-591-9285
Email: kkelly@smillaw.com

Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb St.
Petersburg, VA 23803-3212
(804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net

Matthew James Erausquin
Consumer Litgation Associates PC
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
Email: matt@clalegal.com

            By    /s/ Allison Melton

            Allison Melton  (VSB No. 75192)
            BWW Law Group, LLC
            2020 N. 14th Street, Suite 250
            Arlington, Virginia 22201
            Tel: (301) 961-6555 ext. 4040
            Fax: (703) 657-6458
            E-mail:Allison.Melton@bgw-llc.com
            *Counsel for Bierman, Geesing, Ward & Wood, LLC and Equity Trustees, LLC*