IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AJMAL GHANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:12-cv-00272-REP |
| ) | |
| BIERMAN, GEESING, ) | |
| WARD & WOOD, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

COME NOW Defendants BWW Law Group, LLC, formerly known as Bierman, Geesing, Ward & Wood, LLC and Equity Trustees, LLC (collectively referred to as the "Defendants"), by counsel, and as for their Joint Reply Memorandum of Law in support of their Motion to Dismiss, state as follows:

**I.
INTRODUCTION**

Plaintiff filed a complaint in this Court (the "Complaint") on April 13, 2012, alleging that Defendants violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"). Plaintiff based his allegations on five letters; the last of these letters was dated January 25, 2011. Defendants moved to dismiss Plaintiff's claims as barred by the FDCPA's one-year statute of limitations. In response, Plaintiff introduced a copy of a Warrant in Debt he filed in the Fairfax County General District Court on November 16, 2011 to initiate a case he later nonsuited in February 2012. He now asserts that his state court filing and

subsequent nonsuit tolled the running of the statute of limitations. However, the Virginia tolling statute does not apply to FDCPA claims. Therefore, the Complaint must be dismissed.

## II.
## ARGUMENT

A claim for violation of the FDCPA must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff does not dispute that the last action taken by Defendants that gave rise to his claims occurred more than a year before he filed the Complaint. Plaintiff effectively concedes that his case is barred by the FDCPA's one-year statute of limitations unless Va. Code Ann. § 8.01-229(E)(3)[1] tolls that statute of limitations. Section 8.01-229(E)(3) does not apply to a cause of action based on a federal statute that provides its own limitations period, like the FDCPA; therefore, Plaintiff fails to state a claim upon which relief can be granted.

### A. Va. Code Ann. § 8.01-229(E)(3) does not apply to claims arising under federal statutes that contain a specific limitations period.

Federal and state courts alike consistently hold that Virginia's tolling statute does not apply to a cause of action arising under a federal statute that includes its own specified limitations period. *See Kinson v. U.S.*, 322 F. Supp. 2d 684, 687 (E.D. Va. 2004) ("Because the Virginia tolling provisions do not apply to the accrual date of the FTCA [Federal Tort Claims Act] claim, the Court finds that Plaintiff's lawsuit was not timely filed."); *Neal v. Xerox Corp.*, 991 F. Supp. 494, 499 (E.D. Va. 1998) ("Since [Plaintiff] brings a federal Title VII action that is governed by a federal statute of limitations period, Virginia's non-suit provision does not save her claim."); *Hewlett v. Russo*, 649 F. Supp. 457, 460 (E.D. Va. 1986) ("[W]hen a federal statute

---

[1] Va. Code Ann. § 8.01-229(E)(3) provides that, upon taking a nonsuit in Virginia, a plaintiff may recommence his suit within six months or within the original limitations period, whichever period is longer.

of limitations is applicable, a Court must look to federal law for any appropriate tolling provisions. Where, as here, there are no such provisions, it would be inappropriate for this Court to look to Virginia Code Section 8.01-229 to toll the running of the limitations period."); *Pendleton v. Nat'l Wildlife Fed'n*, No. 5:10cv00009, 2010 U.S. Dist. LEXIS 29433, at *11 (W.D. Va. Mar. 26, 2010) ("[T]he court concludes that the 90-day period of limitation applicable to the plaintiff's Title VII claims was not tolled, pursuant to Virginia Code § 8.01-229, as a result of her voluntary non-suit."); *Marston v. Weaver*, 69 Va. Cir. 301, 304 (Rockingham 2005) ("The plaintiff's substantive rights under the FLSA are defined, in part, by the time limitation in 29 U.S.C. § 255. Thus, it would be inappropriate for the Court to extend the statute of limitations through the application of a state tolling statute."); *Chandler v. Norfolk & W. Ry. Co.*, 15 Va. Cir. 437, 443 (Roanoke City 1989) ("My conclusion is that the statute-of-limitations period has run herein. In order for this Court to find that Virginia Code § 8.01-229(E)(3) tolls the FELA three-year statute of limitations, I would have to ignore the contrary policy of uniformity adhered to by and within the FELA statutory scheme.").[2]

In *Kinson v. United States*, for example, the court considered whether Va. Code Ann. § 8.01-229(E)(3) would toll the statute of limitations for a claim under the Federal Tort Claims Act ("FTCA"). 322 F. Supp. 2d at 685. The FTCA, like the FDCPA, provides its own statute of limitations:

---

[2] See also *Phillips v. U.S.*, 260 F.3d 1316, 1319 (11th Cir. 2001) (holding that the Georgia Code is not applicable to extend the Federal Tort Claims Act's statute of limitations); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) ("When Congress has provided a federal statute of limitation for a federal claim, . . . state tolling and saving provisions are not applicable."); *Draper v. U.S. Pipe & Foundry Co.*, 527 F.2d 515, 522 (6th Cir. 1975) ("[Because] Title VII establishes its own statute of limitations, . . . state law is irrelevant in determining whether a private individual has lost [her] right of action under Title VII through the passage of time."); *Bell v. Wabash Ry. Co.*, 58 F.2d 569, 572 (8th Cir. 1932) ("A state statute cannot recreate a right given under a federal statute that has ceased to exist by the very terms of the statute.").

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Kinson filed her first suit in Virginia circuit court on the last day of the six-month period following notice of the denial of her administrative FTCA claim; she then took a nonsuit. When she re-filed her claim less than six months later, Kinson argued that the Virginia tolling statute applied to her FTCA claim. 322 F. Supp. 2d at 685. The court disagreed: "[I]t is federal law, not state law, that defines the limitations period." *Id.* at 686 (citing *Miller v. U.S.*, 932 F.2d 301, 303 (4th Cir. 1991)). The court further concluded that federal law defined the limitations period "regardless of state procedural law." *Id.* at 687. Therefore, the court rejected Kinson's argument that the Virginia tolling statute applied and dismissed her re-filed claim on the grounds that it was barred by the FTCA's statute of limitations.

Similarly, in *Pendleton v. National Wildlife Federation*, the court considered whether Va. Code Ann. § 8.01-229(E)(3) would toll the statute of limitations for an employment discrimination claim under Title VII of the Civil Rights Act of 1964. 2010 U.S. Dist. LEXIS 29433, at *7. After taking a nonsuit, Pendleton re-filed her suit outside of Title VII's statute of limitations.[3] Much like Kinson, Pendleton argued that state nonsuit statute tolled her claim. Once again, the court disagreed: "[B]ecause Title VII actions are governed by a federal statute of limitations, state tolling provisions are inapplicable." *Id.* at *10. Accordingly, the court granted the defendants' motion to dismiss with respect to those claims. *Id.* at *10–11.

Because the FDCPA provides its own statute of limitations, Virginia's statutory tolling

---

[3] Under Title VII, a plaintiff has 90 days to file her claims in federal or state court upon receipt of a right to sue notice from the Equal Employment Opportunity Commission.

provisions do not apply to Plaintiff's claims. The FDCPA requires that a plaintiff commence an action within one year from the date on which the violation occurred. 15 U.S.C. § 1692k(d). Plaintiff failed to do this; therefore, he cannot state a claim upon which relief can be granted.

B.    **Plaintiff's reliance on *Scoggins* is misplaced.**

In his Memorandum in Opposition to the Motion to Dismiss, Plaintiff relies exclusively on *Scoggins v. Douglas*, 760 F.2d 535 (4th Cir. 1985), for the proposition that the Virginia tolling statute applies to his FDCPA claims. However, *Scoggins* is inapplicable.

In *Scoggins*, the plaintiff brought claims under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. These federal statutory and constitutional provisions do not contain their own limitations periods. Accordingly, courts apply "the controlling period [that] would ordinarily be the most appropriate one provided by state law." *Johnson v. Ry. Express Agency*, 421 U.S. 454, 463 (1975). When addressing those claims, the federal court borrowed Virginia's two-year statute of limitations for personal injury.[4] *Scoggins*, 760 F.2d at 536. It followed, therefore, that the court would apply the Virginia tolling statute when the plaintiff raised the issue of tolling.[5] 760 F.2d at 537; *see also Beck v. Caterpillar, Inc.*, 50 F.3d 405, 406 (7th Cir. 1995) ("When the timeliness of a federal cause of action is measured by a state statute of limitations, it only makes sense to apply the state's tolling and savings provisions, for they are interrelated. The same cannot be said when the federal claim in question is governed by a *federal* statute of limitations . . . .").

---

[4]    Va. Code Ann. § 8.01-243(A).
[5]    It should be noted that the court ultimately applied the Virginia tolling statute to restrict the Plaintiff's right of action. *See Scoggins*, 760 F.2d at 537 ("Under [the Virginia tolling statute], for Scoggins' cause of action to survive, he must have recommenced it within six months following the voluntary dismissal . . ., or within the original two year limitations period. Since he failed to accomplish either, the tolling provisions do not save this action.").

The rationale in *Scoggins* does not apply, and has not been applied, to claims made under federal statutes that contain their own limitations periods. *See Neal*, 991 F. Supp. at 499–99 (finding that the rationale in *Scoggins* is not applicable to a plaintiff's claims under Title VII because Title VII establishes its own statute of limitations); *Hewlett*, 649 F. Supp. at 460 (same). Here, Plaintiff has sued under the FDCPA—a federal statute which contains its own limitations period. *See* 15 U.S.C. § 1692k(d). Therefore, the Virginia tolling provisions do not apply and cannot save Plaintiff's FDCPA claims, which must be dismissed.

### III.
### CONCLUSION

**WHEREFORE**, Defendants respectfully request that this Court grant their Motion to Dismiss the Complaint and award them such other and further legal and equitable relief as this Court deems just and proper.

**Respectfully submitted,**

**BWW LAW GROUP, LLC**
and
**EQUITY TRUSTEES, LLC**

**By Counsel**

/s/ Andrew Biondi
--------
Andrew Biondi, Esquire (VSB No. 48100)
Eric C. Howlett, Esquire (VSB No. 82237)
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
E-mail: abiondi@sandsanderson.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 25, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I further certify that on this date a true and correct copy of the foregoing and the NEF will be mailed, first-class, postage fully prepaid, to:

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23606
Telephone:  757-930-3660
Facsimile:  757-930-3662
lenbennett@cox.net

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, Virginia  23803
Telephone:  804-861-6000
Facsimile:  804-861-3368
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq.
Surovell Isaacs Peterson & Levy PLC
4010 University Drive, Suite 200
Fairfax, Virginia  22030
Telephone:  703-277-9774
Facsimile:  703-591-2149
kkelly@smillaw.com

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia  22314
Telephone:  703-273-6080
Facsimile:  888-892-3512
matt@clalegal.com

           /s/  Andrew Biondi
          Andrew Biondi, Esquire (VSB No. 48100)
          SANDS ANDERSON PC
          1111 East Main Street, Suite 2400 (23219)
          Post Office Box 1998
          Richmond, Virginia 23218-1998
          Telephone: (804) 648-1636
          Facsimile: (804) 783-7291
          E-mail:  abiondi@sandsanderson.com
           *Counsel for Defendants*